UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,　　　　　　　　　　　　　　　　Case Number 18-51591
v.　　　　　　　　　　　　　　　　　　　　　　Honorable David M. Lawson

ROBERT A. GROSS,

        Defendant.
_____/

**ORDER CANCELLING HEARING, OVERRULING OBJECTIONS, AND
CONTINUING GARNISHMENT TO MICHIGAN DEPARTMENT OF TREASURY**

This matter is before the Court on objections by the defendant to several writs of garnishment directed to banks where he holds (or held) accounts, and the State of Michigan, Department of Treasury. In his form objections, the defendant indicated that he believes that the funds at issue may be exempt from garnishment because they comprise unemployment benefits, annuity or pension payments, or amounts owed for the support of minor children, and that the funds also may fall within the threshold of minimum exemptions for wages, salary, and other income. The Court has reviewed the record of the proceedings and the defendant's objections and finds that all of the grounds for resisting the sole remaining outstanding garnishment at issue are without merit. The Court therefore will overrule the objections and order the continuation of the garnishment to the Michigan Department of Treasury.

On December 7, 2017, defendant Robert Gross pleaded guilty to one count of wire fraud in the matter of *United States v. Gross*, No. 17-20790. He was sentenced on June 26, 2018, and an amended judgment later was entered that included a restitution obligation in the amount of $3,625,000. As a condition of his plea agreement, Gross agreed not to contest the forfeiture of certain funds at issue in a separate forfeiture proceeding, *United States v. $886,372 in U.S.*

*Currency*, No. 16-14460. However, even if all of the funds forfeited in that case eventually are applied to the restitution obligation in the criminal matter, a substantial shortfall still would remain. The government represents that no other significant recovery has been secured from the defendant's assets or any other source to satisfy the restitution obligation.

On November 9, 2018, the government initiated this garnishment proceeding by serving writs of garnishment directed to the State of Michigan, Department of Treasury and several financial institutions, namely Wells Fargo, JPMorgan Chase Bank, and JPMorgan Securities, LLC. Wells Fargo and JPMorgan Securities, LLC answered and indicated that they do not hold any accounts in the name or for the benefit of the defendant. JPMorgan Chase Bank answered and indicated that it had one account on file which was registered jointly to the defendant and his ex-wife, Christine A. Gross. That account, however, had a balance of only $11.11. On December 14, 2018, the defendant filed his objections to the writs of garnishment and a request for a hearing to determine exempt property. The government subsequently filed a response, and it contemporaneously filed a notice of release of the garnishment directed to JPMorgan Chase Bank. Thus, the only garnishment that remains at issue in the case is the continuing garnishment directed to the Michigan Department of Treasury.

The Mandatory Victim Restitution Act, 18 U.S.C. § 3663A(1), requires that "'[n]otwithstanding any other provision of law, when sentencing a defendant convicted of [a covered offense], the court shall order . . . in addition to or in lieu of, any other penalty authorized by law, that the defendant make restitution to the victim of the offense.'" *In re Robinson*, 764 F.3d 554, 561 (6th Cir. 2014) (quoting 18 U.S.C. § 3663A(a)(1)). The Court followed that mandate in the related criminal case and entered a judgment of restitution in the amount of $3,625,000 to compensate the victims of the defendant's fraud. "In relevant part, 18 U.S.C. § 3613(a) provides

that '[n]otwithstanding any other Federal law . . . a judgment imposing a fine may be enforced against all property or rights to property of the person fined'" *Id.* at 559 (quoting 18 U.S.C. § 3613(a)). "In addition to fines, restitution judgments are encompassed by 18 U.S.C. § 3613." *Id.* at 560 n.1 (quoting 18 U.S.C. § 3613(f) ("[A]ll provisions of this section are available to the United States for the enforcement of an order of restitution.")). However, section 3613(a) incorporates by reference exemptions of certain property otherwise subject to garnishment to satisfy a judgment of restitution, including for unemployment benefits, annuity and pension payments, and wages needed to cover child support obligations. 18 U.S.C. § 3613(a)(1); 26 U.S.C. § 6334(a)(4), (6), (8). The defendant's objections and the answer from the Michigan Department of Treasury do not suggest that any amounts that either presently are or in the future may be owed by the Department of Treasury could comprise any of those types of funds.

The incorporated provisions of the Consumer Credit Protection Act, 15 U.S.C. § 1673, also cap the maximum amount that may be withheld from the weekly wages of a garnishee at the lesser of 25% of the individual's "disposable earnings" or "the amount by which his disposable earnings [in a given week] exceed thirty times the Federal minimum hourly wage prescribed by section 206(a)(1) of Title 29 in effect at the time the earnings are payable." 18 U.S.C. § 3613(a)(3); 18 U.S.C. § 1673(a). However, it is well settled that "the terms 'earnings' and 'disposable earnings,' as used in 15 U.S.C. §§ 1672, 1673, [do] not include a tax refund, [and are] limited to periodic payments of compensation and do not pertain to every asset that is traceable in some way to such compensation." *Kokoszka v. Belford*, 417 U.S. 642, 651 (1974).

The government represents, and the defendant does not contest, that the defendant is divorced from his former wife, and the possibility that any future tax refund owed to him could comprise any joint income or marital property therefore appears remote. The defendant's

objections to the garnishment of his future tax refunds are groundless, because the refunds do not fall within any of the enumerated categories of assets listed in 18 U.S.C. § 3613(a), and tax refunds are not subject to any limitation on wage garnishments under 18 U.S.C. § 1673(a). The defendant therefore has failed to show that the garnishment against his tax refunds was improper, and the other garnishments in question have been released or were answered by garnishees indicating that they do not hold or owe any funds belonging to the defendant.

Accordingly, it is **ORDERED** that the defendant's objections to the writs of garnishment (ECF No. 16) are **OVERRULED**.

It is further **ORDERED** that the continuing writ of garnishment issued to the State of Michigan, Department of Treasury shall remain in place, and any funds received by the plaintiff from the garnishee shall be credited towards the balance of the judgment of restitution entered in the matter of *United States v. Gross*, No. 17-20790.

It is further **ORDERED** that this order shall remain in effect until the judgment of restitution is paid in full, or the Court orders otherwise.

It is further **ORDERED** that the hearing on the defendant's objections that was scheduled for February 28, 2019 is **CANCELLED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date: February 27, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 27, 2019.

s/Susan K. Pinkowski  
SUSAN K. PINKOWSKI

---